LARREGUI, PLAINTIFF AND APPELLEE, *v.* BETANCOURT, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an Action for Divorce.

MOTION for Change of Venue.

No. 1688.—Decided November 20, 1917.

DIVORCE—CHANGE OF VENUE—IN FORMA PAUPERIS—APPEARANCE—SUBMISSION.—
The filing of a petition for leave to defend *in forma pauperis,* a motion for change of venue and an answer to the complaint, all at the same time, in an action for divorce does not constitute a general appearance and submission within the letter or spirit of section 77 of the Code of Civil Procedure, although the petition may have been dated a day earlier than the other pleadings and placed first in order of presentation.

ID.—ID.—DOMICIL—STATEMENT OF FACT.—When in support of a motion for change of venue in an action for divorce the defendant wife files an affidavit of merits averring that she resides in a district other than that in which the complaint was filed and it does not appear that the spouses really have different places of residence; that is, when it is not shown that the plaintiff husband has a domicile distinct from that of his wife, and especially when there are indications in the record that the husband resides in the same district as the wife, such statement is one of fact and not a conclusion of law.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

*Messrs. Francis & Soto* and *Carmelo Honoré* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellee in the District Court of Guayama began a suit of divorce against his wife. The present appeal is from

an order refusing to transfer the case for trial to the District Court of San Juan. The grounds for the refusal are (1) that as the appellant first filed a motion *in forma pauperis,* this constituted a general appearance and a submission to the District Court of Guayama, and (2) that the appellant did not duly show herself to be a resident of San Juan.

The record neither shows with precision the dates on which the motion for a change of venue was filed nor the date of the application to conduct the proceedings *in forma pauperis.* The application to plead *in forma pauperis* appears ahead of the motion for a change of venue, but the date on the application is later than the motion. The court says that the appellant's first act was an application to plead *in forma pauperis.* There is a strong probability that the application, the motion and defendant's answer were all filed together. If these papers were all filed together it surely makes no difference that the said application was placed first in order of tradition to the District Court of Guayama. They were all designed to be considered together. Supposing that the application were a day ahead, it is not an appearance but a petition to be allowed to appear and plead without paying costs. It is not a step in the action under section 77 of the Code of Civil Procedure. Even if considered as an appearance, the only step taken by the defendant was to ask for a change of venue, the very exception mentioned in said section 77. We think the filing of an application to plead *in forma pauperis* falls neither under the letter nor the spirit of section 77.

The court below, in refusing the motion of transfer, says that the presumption is that the wife lives where her husband has his residence. The wife, however, filed an affidavit of merits wherein she said that her residence was San Juan. This statement might be a conclusion of law if in point of fact she and her husband had different physical residences. We are inclined to think that her statement was a statement of fact in the absence of something to show a different resi-

dence in the husband than San Juan. There might be an inference of this kind from the presumption that parties reside where the suit is brought. In this case, however, the oath to the complaint says that the husband is accidentally in Guayama. He does not say so before a notary in Guayama, but before a notary in San Juan.

There is more in the record to show that the wife is making a statement of fact when she says that she resides in San Juan. Her affidavit states that a previous suit had been begun against her in San Juan and decided in her favor there on September 20, 1916. The present suit was begun in January, 1917. The parties would be presumed to be living in San Juan at the time of the judgment, and there is nothing to show that they changed their residence. Both parties made their affidavit before the same notary in San Juan. The service of the complaint was made on the defendant in San Juan. The lawyers reside in San Juan. The complaint is dated at San Juan for Guayama. And, as we have seen, the complainant was only accidentally residing in Guayama.

Now, if the court had been in doubt of the residence of the defendant in San Juan it could have taken steps to ascertain the truth. The whole record shows to our minds that both parties reside in San Juan. We think the motion sufficiently complied with the law, although it would have been better if in her affidavit she had stated that her husband was a resident of San Juan.

The order must be reversed and the change of venue ordered.

*Reversed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.